**96–221.   State v. Gillard.**

In 1985, appellant was convicted of aggravated murder and other crimes in the Stark County Court of Common Pleas. (Case No. 85–5023.) These convictions were reversed by the Court of Appeals for Stark County in case No. CA–6701. This court reversed that judgment and remanded the cause to the Court of Appeals for Stark County for review of appellant's death sentence. *State v. Gillard* (1988), 40 Ohio St.3d 226, 533 N.E.2d 272. The court of appeals affirmed appellant's death sentence in 1990. (Case No. CA–6701.) On appeal from that judgment, this court remanded the cause to the Court of Common Pleas of Stark County, with instructions to hold a hearing on appellant's conflict-of-interest claim, and if no conflict was found, to return the cause to this court. *State v. Gillard* (1992), 64 Ohio St.3d 304, 595 N.E.2d 878. In 1995, the common pleas court held the hearing as instructed. (Case No. 1985–CR–5023.) The cause is now before this court. On January 30, 1996, this court ordered the Clerk of the Court of Appeals for Stark County to transmit the record to this court. However, a complete record in this cause has not been transmitted to this court.

IT IS THEREFORE ORDERED by the court that, within ten days, the Common Pleas Court of Stark County and the Court of Appeals for Stark County shall transmit to this court the transcript of appellant's trial in case No. 85–5023; the exhibits from said trial; the record of the court of appeals in case No. CA–6701; and any other records relating to this cause still retained by either court.

**96–1054.   Enyart v. Columbus Metro. Area Community Action Org.**

Franklin App. No. 95APE08–1033. This cause is pending before the court as an appeal from the Court of Appeals for Franklin County. Upon consideration of the request of the Tenth District Court of Appeals for return of the record in this case to the Clerk of the Tenth District Court of Appeals,

IT IS ORDERED by the court, effective October 24, 1996, that the record be returned to the Tenth District Court of Appeals for a period not exceeding ninety days.

# RECONSIDERATION DOCKET

**96–1642.   State v. Bogle.**

Montgomery App. No. 14774. Reported at 77 Ohio St.3d 1429, 670 N.E.2d 1365. On October 23, 1996, this case was dismissed for want of prosecution because appellant had failed to file a memorandum in support of jurisdiction due October 18, 1996. It has come to the attention of the court that appellant did tender a memorandum in support of jurisdiction in compliance with this court's order and the Rules of Practice but the memorandum was inadvertently rejected for filing. Upon consideration thereof,

IT IS ORDERED by the court, *sua sponte*, effective October 24, 1996, that this case shall be restored to the docket; appellant's memorandum in support of jurisdiction shall be filed as of October 15, 1996; and appellee's memorandum in response shall be due within thirty days of the date of this entry.

# MISCELLANEOUS DISMISSALS